VICTORY, J.,
dissents.
|U dissent from the majority opinion holding the defendant liable for what amounts to unreasonable conduct on the part of the plaintiff. It is undisputed that the plaintiff saw the 1 ½-8 inch offset between the elevator floor and the lobby floor, yet, instead of waiting for another elevator, the plaintiff attempted to put his 300-pound load onto the elevator, first by pushing it over the offset, then by stepping into the elevator and attempting to pull the load over it. In finding that the 1 ½-3 inch offset between the elevator floor and the lobby floor created an unreasonable risk of harm, the majority finds that the condition was not open and obvious. However, in my view, not only was the condition open and obvious, for the plaintiff admitted that he saw it, but the plaintiff created the unnecessary risk by attempting to pull his loaded dolly over the offset, when it was foreseeable that such an attempt could result in him losing control of his load and being slammed into the back of the elevator. Plaintiffs conduct is the type of voluntary conduct which commentators have characterized as a “situation in which conduct falls within traditional assumption of the risk principles but does not overlap with the conduct that customarily is considered contributory ^negligence ... [one of which is where] the victim voluntarily encounters a known risk that is ‘obvious to all comers,’ sometimes also referred to as an ‘open and obvious risk.’ ” Op. at 184 (citing Frank L. Maraist, H. Alston Johnson III, Thomas Galligan, Jr., William R. Corbett, Answering a Fool According to His Folly: Ruminations on Comparative Fault Thirty Years On, 70 La. L.Rev. 1105,1107 (2011)). These situations where a plaintiffs recovery should be denied because he voluntarily encounters a known risk are “sitting in seats at a hockey game higher than the protective barrier [with respect to] the risk of being struck by an errant puck,” or “sitting down the third-base line at a baseball game, beyond the protective fencing, with respect to the risk of being hit by a foul ball.” 70 La. L.Rev. at 1107. The same can be said of this plaintiff, who created the risk by subjecting himself to a known defect when there were other choices available him, such as *195 waiting for another elevator. Thus, like in the above examples, consideration of his knowledge and conduct does not amount to a forbidden application of the assumption of the risk doctrine.
In my view, the facts of this case are analogous to the facts of Pryor v. Iberia Parish School Board, 10-1683 (La.3/15/11), 60 So.3d 594, where the plaintiff, a 69-year-old woman recovering from hip surgery, attempted to descend over a bleacher step with a 18-inch gap between the first and second step. The plaintiff testified that she noticed the large gap between the step upon ascending the steps, and that in order to ascend the step, she lay on her side so she could swing one leg up at a time, and then stood up. On the way down, however, instead of lying on her side and swinging her legs over the gap as she had done earlier, plaintiff attempted to simply step down, and in the process, fell and injured herself. The record reflected that on the opposite side of the stadium, the bleachers were handicap accessible, but plaintiff chose to sit 13on the side which was not handicap accessible. This Court, in a per curiam opinion, found that the bleachers were not unreasonably dangerous, because “plaintiff was aware of this open and obvious risk,” and “could have easily avoided any risk by using additional care (as she did when she first ascended the bleachers), or by choosing to sit on the west side of the stadium where suitable accommodations for persons with physical impairments were provided.” 60 So.3d at 598. The same is true here. This plaintiff was aware of the open and obvious risk, which he could have easily avoided by choosing to wait for another elevator instead of attempting to pull his dolly with a 300-pound load over the offset.
Further, I disagree with the majority’s analysis of the open and obvious test. The majority finds that the condition was not open and obvious “as the defect was not readily apparent to all who encountered it,” evidently because the record reflected other “instances of State employees either tripping or falling on the elevators after failing to notice they were misaligned.” Op. at 189. However, not only is the test whether the defect should be obvious to all, but it is the complained-of condition, i.e., the offset in the elevator floor in this elevator, which should be obvious to all, not other conditions in which other elevators were misaligned with the floor. Here, this condition, i.e., the 1 ½-3 inch offset where this elevator floor was elevated above the lobby floor, should have been obvious to all. Indeed, the woman who entered the elevator before the plaintiff testified that she noticed it and it was certainly obvious to this plaintiff. Whether other people failed to notice other conditions wherein elevators in the building failed to properly align with the floor is simply immaterial. I would find that this is an open obvious condition for which the law does not impose liability because the condition should have been obvious to all. Further, if [ ¿comparative fault principles were applicable, I would find that the jury’s assessment of only 38% fault to the plaintiff was manifestly erroneous.
For the above reasons, I respectfully dissent.